UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| GOLDY THOMPSON, | : | Case No. 2:25-cv-1279 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Judge James L. Graham |
| | : | Magistrate Judge Kimberly A. Jolson |
| CALVIN BROADUS, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Marion Correctional Institution in Marion, Ohio, brings this *pro se* civil action for copyright infringement against Defendants Calvin Broadus and Do-It-Fluid, alleging that Defendants violated "the rights to the use of the name DO-IT-FLUID." (Doc. 1-1 at 5). This matter is before the Court on Plaintiff's motion to proceed *in forma pauperis*, (Doc. 1), and the Court's own motion to consider venue.

This is the second time Plaintiff has improperly filed this action in this Court, although he failed to disclose the prior action in this most recent Complaint. (*See* Complaint, *id*. at 2). The Undersigned takes judicial notice that in August 2024, Plaintiff filed *Thompson v. Broadus*, Case No. 2:24cv3837 (S.D. Ohio), which set forth identical facts and Defendants. The Undersigned determined that venue was improper, because none of the named Defendants were alleged to reside in Ohio, and the events underlying the action took place in either Toledo, Ohio, or in the state of California. *See id*. (Transfer Order, August 16, 2024, Doc. 2). Rather than dismissing the case, the Undersigned transferred it to the Western Division of the United States District Court for the Northern District of Ohio at Toledo. *Id.*

Upon transfer to the Northern District, the Honorable James G. Carr dismissed the case, finding venue was also improper in the Northern District of Ohio and declining to transfer the case to California on the basis that the complaint failed to state a claim for relief. *See Thompson v. Broadus*, Case No. 3:24cv1400, 2024 WL 5146002, at *1–2 (N.D. Ohio Dec. 17, 2024). Judge Carr determined that Plaintiff failed to allege sufficient facts to demonstrate that the United States Copyright Office registered his copyright claim as is required to file a copyright infringement suit in federal court. *Id*.

Shortly thereafter, on January 21, 2025, Plaintiff filed an identical action in the Western Division of the United States District Court for the Central District of California. *See Thompson v. Broadus*, Case No. 2:25cv573-MCS-AGR (C.D. Cal.). There, the Court ordered Plaintiff to file an amended complaint because the initial complaint failed to state a claim for relief. *See id*. (Jan. 27, 2025 Order, Doc. 13 at PageID 65, finding Plaintiff's allegations that he "copyrighted and patented 'Do-It-Fluid' at a post office and received an employer identification number from the IRS under the name Do-It-Fluid" did not "raise a plausible inference that he owns a copyright registered with the appropriate federal agency, the United States Copyright Office"). Plaintiff failed to file an amended complaint, and the case was dismissed without prejudice for failure to prosecute. *See id*. (Doc. 15).

"[W]hether venue is wrong or improper . . . is generally governed by 28 U.S.C. § 1391." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tx.*, 571 U.S. 49, 55 (2013) (internal quotation marks omitted). Under that statute, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

>   (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)–(3).  If venue is not proper under one of three enumerated categories, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  The decision to dismiss or transfer a case based on improper venue is within a district court's discretion.  *Emrit v. Jules*, No. 23-1722, 2024 WL 533340, at *1 (6th Cir. Jan. 5, 2024).

Plaintiff alleges that both Defendants reside in Diamond Bar, California, which falls within the Central District of California, and he does not identify any act or omission taking place in this district.  This means venue is improper here, and the interests of justice do not support transfer.  Plaintiff has not paid the filing fee, and nothing in the record suggests Plaintiff could not have brought or could not still bring this case in the proper California district court.  In fact, Plaintiff previously pursued a nearly identical action before the United States District Court for the Central District of California, and his case was dismissed without prejudice for failure to prosecute.  *See, e.g., Shaik v. Finnegan*, No. 24-12427, 2025 WL 1181787, at *5 (E.D. Mich. Apr. 23, 2025) (interests of justice do not require transfer where plaintiff "has already filed an 'exact copy'" of case in proper court).

The Undersigned **RECOMMENDS** this action be **DISMISSED without prejudice** for lack of venue.  Plaintiff's motion for leave to proceed *in forma pauperis* should be **DENIED as moot**.  (Doc. 1)

**IT IS SO RECOMMENDED.**

December 18, 2025                               */s/ Kimberly A. Jolson*
                                                                KIMBERLY A. JOLSON
                                                                United States Magistrate Judge